IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FRED ORIUS, A/K/A, : | |
| JEFFREY PHADAEL, : | |
|  : | |
| Petitioner, : | |
|  : | |
| v. : | CASE NO. 4:08-CV-101 CDL |
|  : | |
| DISTRICT DIRECTOR/ ICE ATLANTA: | 28 U.S.C. § 2241 |
| FIELD OFFICE, MR. VANCE : | Habeas Corpus Petition |
| LAUGHLIN, WARDEN, STEWART : | |
| DETENTION CENTER, : | |
|  : | |
| Respondents. : | |

**REPORT AND RECOMMENDATION**

On July 14, 2008, Petitioner Orius[1], who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). On September 12, 2008, in lieu of an Answer, Respondents filed a Motion to Dismiss and a Memorandum in support of same, contending that the six month presumptive period of time in which removal/deportation may be achieved has not expired where the Warrant of Removal/Deportation was not entered against Petitioner until April 30, 2008. (R-13-1). Petitioner was notified of his right to file a response (R-14), but no response was filed in the time allowed. Petitioner was notified that his failure to respond to and rebut the legal arguments set forth in the Respondent's Brief could result in said statements being accepted

---

[1] On his Application for Habeas Corpus and a Motion for Expedited Review, Petitioner claims his name is actually Jeffrey Lee Phadael, but signs his name as Fred Orius. (R-1, 2). However, in a letter submitted with his application, Petitioner signs his name Jeffrey Lee Phadael. (R-1-4).

as uncontested and factually correct.

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. (R-13-2).

2. In 1990, Petitioner first illegally entered the United States as a juvenile in possession of a false birth certificate. (R-13-3). Petitioner attempted to obtain United States citizenship, but was determined to be an "immigrant without proper documentation." *Id.* Petitioner applied for asylum on September 20, 1990, but did not meet the requirements. *Id.* Petitioner admitted to possessing a false birth certificate and was ordered excluded and deported. *Id.* Petitioner was thereafter deported on October 12, 1996. *Id.*

3. At some point, Petitioner illegally re-entered the United States. On August 21, 2000, a Warrant of Removal/Deportation was issued against Petitioner. *Id.* Petitioner admitted that his name was Fred Orius and that he was born in Haiti and previously deported on October 12, 1996. *Id.* Petitioner was again deported to Haiti on June 4, 2001. *Id.*

4. Petitioner again illegally entered the United States at some point and was convicted of aggravated battery and robbery in the Superior Court of Gwinnett County, Georgia, on April 24, 2007. *Id.*

5. On August 2, 2007, Petitioner claimed that his name was Jeffrey Lee Phadael and that he had previously used the name Fred Orius. *Id.* On November 19, 2007, Petitioner claimed that when he was fourteen, he had used his cousin Fred Orius's name. *Id.* He then claimed citizenship as Jeffrey Lee Phadael. *Id.*

6. On April 30, 2008, a Warrant of Removal/Deportation was issued against Petitioner Orius. On May 1, 2008, Petitioner was served with a Notice of Intent/ Decision to Reinstate Prior Order, noting that Petitioner had previously been deported on October 12, 1996. *Id.* On July 28, 2008, Petitioner refused service of a Warning for Failure to Depart. *Id.*

6. Since that time, INS has made continuous efforts to deport Petitioner, but Petitioner has refused to formally acknowledge his court ordered deportation. *Id.*

## LEGAL STANDARD

The standard for a Motion to Dismiss was recently altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. At 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir.

1997).  The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).  Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed.  *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

In his Application, the Petitioner argues that he has been unlawfully detained by the Department of Homeland Security, Immigration and Custom Enforcement (ICE) where his removal order is not valid.  (R-1).  He contends in his Memorandum in support of his petition that he is a United States citizen, having been born on May 25, 1975, in Atlanta, Georgia. *Id.*  Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released.  *Id.*

### **Application of the Law**

Petitioner's detention by the ICE pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or

4

removal, or, if the alien is confined, the date the alien is released from confinement.[2]  See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).  The Attorney General may continue to detain an alien after the expiration of the ninety-day removal period.  8 U.S.C. § 1231(a)(6).  In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States.  The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal.  *Id*. at 701.

The six month presumption does not mean that every detainee not removed must be released after six months.  To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future.  *Zadvydas*, 533 U.S. at 701.  Additionally, the Court of Appeals for the Eleventh Circuit determined that "to state a claim under *Zadvydas*, the alien must not only show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

---

[2] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

In this case, Petitioner has been deported twice, and twice he has illegally re-entered the United States. Petitioner has also, on at least one occasion, misled the United States Government regarding his birth. On August 22, 2000, Petitioner averred that his date and place of birth was February 3, 1976, in Port Au Prince, Haiti. (R-1303, Exhibit F). On August 2, 2007, Petitioner averred that he was born on X/X/75 in Lafayette, Louisiana. (R-13-3, Exhibit B). In a Motion for Expedited Review of Petition for Writ of Habeas Corpus, Petitioner claims that he was born on May 25, 1975 in Atlanta, Georgia. (R-2). Furthermore, Petitioner does not dispute that he was convicted of an aggravated felony and failed to respond to the Motion to Dismiss. Therefore, Petitioner has not met his burden of establishing that his removal is not likely in the foreseeable future, and, as such, has failed state a claim upon which relief may be granted.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 22ND day of October, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw